**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINGQING CHEN, | No. 14-70106 |
| Petitioner, | Agency No. A200-755-522 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mingqing Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.   We have jurisdiction under 8 U.S.C. § 1252.   We review for

substantial evidence the agency's factual findings, applying the standards

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency determined Chen was not credible based on discrepancies between Chen's asylum statement and testimony regarding the timing of family planning authorities' visits to his home, and based on omissions related to his alleged hospital stay. Substantial evidence supports the adverse credibility determination. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Chen's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). We reject Chen's contention that the BIA failed to consider his explanations. Thus, Chen's asylum claim fails.

In the absence of credible testimony, Chen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**